Golesorkhi v. Green Mountain Coffee, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.[1]

---

KAMBIZ GOLESORKHI, WILLIAM C. DAILEY,

            *Plaintiffs-Appellants*,

STEVE FIFIELD, Individually and on Behalf of All Others
Similarly Situated,

            *Plaintiff*,

            -v-                                         13-4048-cv

GREEN MOUNTAIN COFFEE ROASTERS, INC., ROBERT P.
STILLER, LAWRENCE J. BLANFORD, FRANCES G. RATHKE,

            *Defendants-Appellees*.

---

Appearing for Appellants:    Kim Miller, Kahn Swick & Foti, LLC (Lewis S. Kahn,

---

[1] Judge Peter W. Hall, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Madisonville, LA,  *on the brief*), New York, N.Y.

Appearing for Appellees:   Randall W. Bodner, Ropes & Gray LLP, Boston, MA (Anne Johnson Palmer, Michael J. Vito, *on the brief*; Robert B. Luce, Matthew S. Borick, Downs Rachlin Martin PLLC, Burlington, VT, *on the brief*), *for Green Mountain Coffee Roasters, Inc..*
Robert B. Hemley, Gravel & Shea PC (Matthew B. Byrne, *on the brief*) Burlington, VT, *for Robert P. Stiller, Lawrence J. Blanford and Frances G. Rathke*.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

 Kambiz Golesorkhi and William Dailey (together, "Plaintiffs") appeal from the September 26, 2013 opinion and order of the United States District Court for the District of Vermont (Sessions, *J.*), dismissing their putative class action suit on behalf of all those who purchased common stock of Green Mountain Coffee Roasters, Inc. between February 2, 2012 and May 2, 2012 (the "Class Period").  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Private Securities Litigation Reform Act ("PSLRA") imposes a heightened standard for an allegation to be well pleaded.  Plaintiffs must satisfy Rule 9(b), which requires plaintiffs to state "the circumstances constituting fraud," and the PSLRA also requires them to "state with particularity all facts on which [their belief that defendants violated Rule 10(b)(5) ] is formed." 15 U.S.C. § 78u–4(b)(l)(B). Thus, plaintiffs must plead "sufficient" facts to support a reasonable belief as to the misleading nature of defendants' statements or omissions. *Novak v. Kasaks*, 216 F.3d 300, 313-14 n.1 (2d Cir. 2000). The PSLRA also requires plaintiffs to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind," which focuses attention on the scienter allegations.  15 U.S.C. § 78u–4(b)(2)(A).

"To state a claim under Rule 10b–5 for misrepresentations, a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 105 (2d Cir. 2007).  However, the PSLRA provides a safe harbor for defendants, protecting them from liability when they make forward-looking statements that meet three "safe harbor" requirements.  *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010) ("[A] defendant is not liable if the forward-looking statement is identified and accompanied by meaningful cautionary language *or* is immaterial *or* the plaintiff fails to prove that it was made with actual knowledge that it was false or misleading."(emphasis in original)).

We affirm for the substantially the reasons set forth in the district court's thorough opinion.  We note that even assuming the district court misstated the law when it required plaintiffs to plead defendants had knowledge of, or access to specific reports that contradicted their public statements, the district court also rested its findings on the fact that the allegations by

2

the confidential witnesses were not sufficiently close in time to the class action period to support an inference of scienter.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk